ERIK K. SWANHOLT, CA Bar No. 198042
  eswanholt@foley.com
KENDALL E. WATERS, CA Bar No. 329963
  kwaters@foley.com
**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3300
LOS ANGELES, CA 90071-2418
TELEPHONE: 213.972.4500
FACSIMILE: 213.486.0065

Attorneys for Defendant Del Monte Foods,
Inc.

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBBY GATLING-LEE and ELENA NACARINO, individually and on behalf of all others similarly situated,<br><br><div align="right">Plaintiffs,</div><br>vs.<br><br>DEL MONTE FOODS, INC.,<br><br><div align="right">Defendant.</div> | Case No. 4:22-CV-892 JST<br><br>**DEFENDANT DEL MONTE FOODS, INC.'S NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>*(Filed concurrently with 1) Defendant's Notice of Motion, Motion, & Memorandum in Support of Motion to Strike; 2) Declaration of Erik K. Swanholt; 3) Proposed Order Granting Motion to Dismiss; 4) Proposed Order Granting Motion to Strike); 5) Request for Judicial Notice; and 6) Proposed Order Granting Request for Judicial Notice)*<br><br>DATE:          June 30, 2022<br>TIME:          2:00 p.m.<br><br>Complaint Filed: Feb. 11, 2022<br>FAC Filed: March 28, 2022<br><br>Hon. Jon S. Tigar<br>Oakland Courthouse - Courtroom 6<br>2nd Floor |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION ................................................................................ 6

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................... 8

I.  INTRODUCTION ........................................................................................................ 8

II.  STATEMENT OF THE ISSUES ................................................................................. 9

III.  PLAINTIFFS' ALLEGATIONS AND CLAIMS ..................................................... 10

IV.  LEGAL STANDARD ................................................................................................ 12

    A.  MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM – FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) ........................................................ 12

    B.  MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1) ................. 12

V.  ARGUMENT .............................................................................................................. 13

    A.  THE FAC FAILS TO STATE A CLAIM PURSUANT TO RULE 12(B)(6) ............. 13

        1.  The Products' Packaging Is Not Materially Deceptive to a Reasonable Consumer ................................................................... 13

        2.  Plaintiffs' Express Warranty Claims Fail Because the Products' Labels Do Not Create a Warranty ............................................ 17

    B.  PLAINTIFFS LACK ARTICLE III STANDING ........................................... 18

        1.  Plaintiffs Do Not Allege A Plausible Economic Injury ................. 18

        2.  Plaintiffs Have Not Sufficiently Pled A Risk of Future Harm ...... 20

        3.  Plaintiffs Cannot Show Del Monte's Conduct *Caused* Any Injury .............. 21

        4.  Plaintiffs Do Not Have Standing to Bring Non-New York or Non-California Consumer Protection Law Claims ........................... 22

        5.  Plaintiffs Do Not Have Standing as to Products They Did Not Purchase ................................................................................... 23

    C.  PLAINTIFF NACARINO'S CONSUMER PROTECTION CLAIMS FAIL UNDER RULE 9(B) ...................................................................................... 24

    D.  THE FDA HAS PRIMARY JURISDICTION OVER THIS MATTER ...................... 26

    E.  PLAINTIFFS HAVE AN ADEQUATE REMEDY AT LAW AND THEREFORE CANNOT RECOVER IN EQUITY ................................................................. 27

VI.  CONCLUSION ........................................................................................................... 28

1
2

# <u>TABLE OF AUTHORITIES</u>

3

**Page(s)**

4

**Federal Cases**

5
*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ..........................................................................................13

6

7
*Astiana v. Dreyer's Grand Ice Cream, Inc.,*
   No. C-11-2910 EMC, 2012 WL 2990766 (N.D. Cal. July 20, 2012) ...............18, 19

8
*Bates v. UPS,*
   511 F.3d 974 (9th Cir. 2007) ...........................................................................24

9

10
*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007) ..........................................................................................13

11

12
*Birdsong v. Apple, Inc.,*
   590 F.3d 955 (9th Cir. 2009) ...........................................................................23

13
*Boswell v. Bimbo Bakeries USA, Inc.,*
   No. 20-CV-8923 (JMF), 2021 WL 5144552 (S.D.N.Y. Nov. 4, 2021) ...........15, 16

14

15
*Brazil v. Dole Food Co., Inc.,*
   No. 12-CV-01831-LHK, 2013 WL 5312418 (N.D. Cal. Sept. 23, 2013) ...............22

16

17
*by Abogados v. AT&T, Inc.,*
   223 F.3d 932 (9th Cir. 2000) ...........................................................................23

18
*Campen v. Frito-Lay N. Am., Inc.,*
   No. 12-1586 SC, 2013 WL 1320468 (N.D. Cal. Apr. 1, 2013) .........................17, 19

19

20
*Carrea v. Dreyer's Grand Ice Cream, Inc.,*
   475 F. App'x 113 (9th Cir. 2012) ......................................................................15

21

22
*Casey v. Odwalla, Inc.,*
   338 F. Supp. 3d 284 (S.D.N.Y. 2018) ...............................................................22

23
*Chandler v. State Farm Mut. Auto. Ins. Co.,*
   598 F.3d 1115 (9th Cir. 2010) .........................................................................13

24

25
*City of Los Angeles v. Lyons,*
   461 U.S. 95 (1983) ............................................................................................14

26

27
*Clark v. Westbrae Nat., Inc.,*
   No. 20-CV-03221-JSC, 2020 WL 7043879 (N.D. Cal. Dec. 1, 2020) ...................16

28

*Comm. of Mass. v. Blackstone Valley Elec. Co.*,
  67 F.3d 981 (1st Cir. 1995) ...........................................................................27

*Dash v. Seagate Tech. (U.S.) Holdings, Inc.*,
  27 F. Supp. 3d 357 (E.D.N.Y. 2014) .............................................................15

*Davidson v. Kimberly-Clark Corp.*,
  889 F.3d 956 (9th Cir. 2018) .........................................................................21

*In re Epogen & Aranesp Off-Label Mktg. & Sales Pracs. Litig.*,
  590 F. Supp. 2d 1282 (C.D. Cal. 2008) ........................................................28

*Erickson v. Pardus*,
  551 U.S. 89 (2007)..........................................................................................13

*Fink v. Time Warner Cable*,
  714 F.3d 739 (2d Cir. 2013)...........................................................................14

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC)*,
  528 U.S. 167 (2000)........................................................................................24

*Goldstein v. Sally Beauty Supply LLC*,
  No. 20-CV-4583-NGG-JRC, 2021 WL 5163235 (E.D.N.Y. Nov. 5, 2021) .........................18

*Ham v. Hain Celestial Grp., Inc.*,
  70 F. Supp. 3d 1188 (N.D. Cal. 2014) (Orrick, J.) ......................................21

*Hawyuan Yu v. Dr Pepper Snapple Grp., Inc.*,
  No. 18-CV-06664-BLF, 2020 WL 5910071 (N.D. Cal. Oct. 6, 2020).........14

*Henry v. Campbell Soup Co.*,
  Case No. 1:22-CV-431 (E.D.N.Y.)................................................................17

*Henry v. Nissin Foods (USA) Co., Inc.*
  Case No. 1:22-CV-363 (E.D.N.Y.)................................................................17

*Hodgers-Durgin v. de la Vina*,
  199 F.3d 1037 (9th Cir. 1999) (en banc) ......................................................24

*IntegrityMessageBoards.com v. Facebook, Inc.*,
  No. 18-CV-05286-PJH, 2020 WL 6544411 (N.D. Cal. Nov. 6, 2020) .......28

*Jeffrey Katz Chiropratic, Inc. v. Diamond Respiratory Care, Inc.*,
  No. 20-CV-04108-CRB, 2021 WL 5848075 (N.D. Cal. Dec. 9, 2021) .......24

*In re Johnson & Johnson Talcum Powder Prod. Mktg., Sales Pracs. & Liab. Litig.*,
  903 F.3d 278 (3d Cir. 2018)......................................................................20, 21

*Jones v. Micron Tech. Inc.*,
  400 F. Supp. 3d 897 (N.D. Cal. 2019) ...............................................14, 23, 24

*Kane v. Chobani, Inc.*,
   No. 12-CV-02425-LHK, 2013 WL 5289253 (N.D. Cal. Sept. 19, 2013)..........................24, 25

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ........................................................................................25, 26

*Loreto v. Procter & Gamble*,
   ---F.Supp.2d--- (2010 WL 3471752, S.D. Ohio, 2010) ............................................................28

*Lujan v. Defs. of Wildlife*,
   504 U.S. 555 (1992)..................................................................................................................14

*Mancuso v. RFA Brands, LLC*,
   454 F. Supp. 3d 197 (W.D.N.Y. 2020) ....................................................................................21

*Mazella v. Coca-Cola Co.*,
   548 F. Supp. 3d 349 (S.D.N.Y. 2021) (considering materially misleading element given the New
   York Court of Appeals' objective definition of 'misleading' in issues of consumer confusion)15

*Mazza v. Am. Honda Motor Co.*,
   666 F.3d 581 (9th Cir. 2012), *overruled on other grounds by Olean Wholesale Grocery Coop., Inc.
   v. Bumble Bee Foods LLC*, No. 19-56514, 2022 WL 1053459 (9th Cir. Apr. 8, 2022)12, 23, 24

*McGee v. S-L Snacks Nat'l*,
   982 F.3d 700 (9th Cir. 2020) ...........................................................................................20, 21

*Meridian Project Sys., Inc. v. Hardin Const. Co., LLC*,
   404 F. Supp. 2d 1214 (E.D. Cal. 2005)...............................................................................26, 27

*Moore v. Kayport Package Exp., Inc.*,
   885 F.2d 531 (9th Cir. 1989) ..................................................................................................26

*Nacarino v. Chobani, LLC*,
   No. 20-CV-07437-EMC, 2021 WL 3487117 (N.D. Cal. Aug. 9, 2021) ...........................15, 16

*Naimi v. Starbucks Corp.*,
   798 F. App'x 67 (9th Cir. 2019) ..............................................................................................23

*Nelson v. MillerCoors, LLC*,
   246 F. Supp. 3d 666 (E.D.N.Y. 2017) .........................................................................15, 16, 17

*Nicosia v. Amazon.com, Inc.*,
   834 F.3d 220 (2d Cir. 2016)....................................................................................................21

*In re NVIDIA Corp. Sec. Litig.*,
   768 F.3d 1046 (9th Cir. 2014) ................................................................................................13

*Peterson v. ConAgra Foods Inc.*
   No. 13-cv-3158-L (NLS), 2014 WL 3741853 (S.D. Cal. July 29, 2014) ................................18

*Podpeskar v. Dannon Co., Inc.*,
  No. 16-CV-8478 (KBF), 2017 WL 6001845 (S.D.N.Y. Dec. 3, 2017)....................................16

*Salmon Spawning & Recovery All. v. Gutierrez*,
  545 F.3d 1220 (9th Cir. 2008) .........................................................................................22

*Schmier v. U.S. Ct. of Appeals for Ninth Cir.*,
  279 F.3d 817 (9th Cir. 2002) ...........................................................................................22

*Sonner v. Premier Nutrition Corp.*,
  971 F.3d 834 (9th Cir. 2020) ......................................................................................28, 29

*Syntek Semiconductor Co. v. Microchip Tech. Inc.*,
  307 F.3d 775 (9th Cir. 2002) ...........................................................................................27

*Twohig v. Shop-Rite Supermarkets, Inc.*,
  519 F. Supp. 3d 154 (S.D.N.Y. 2021)................................................................................14

*Vess v. Ciba-Geigy Corp.*
  USA, 317 F.3d 1097 (9th Cir. 2003) (rejecting California state law plaintiff's argument that he was
  not required to state his claim with particularity under Federal Rule 9(b) where UCL claim was
  "grounded in fraud")..........................................................................................................25

*Warren v. Whole Foods Mkt. Grp., Inc.*,
  No. 19-CV-6448-RPK-LB, 2021 WL 5759702 (E.D.N.Y. Dec. 3, 2021) ..............................19

*Whitmore v. Arkansas*,
  495 U.S. 149 (1990)..........................................................................................................14

*Wilson v. Frito-Lay N. Am., Inc.*,
  961 F. Supp. 2d 1134 (N.D. Cal. 2013) ........................................................................20, 25

**State Cases**

*In re Frito-Lay N. Am., Inc. All Nat. Litig.*,
  No. 12-MD-2413 RRM RLM, 2013 WL 4647512 (E.D.N.Y. Aug. 29, 2013) .................16, 27

*Hernandez v. Burger*,
  102 Cal. App. 3d 795 (Cal. Ct. App. 1980) ........................................................................23

*In re Tobacco II Cases*,
  46 Cal. 4th 298 (2009) ......................................................................................................26

**Federal Statutes**

California's Legal Remedies Act........................................................................................7

CLRA ..............................................................................................................14, 17, 26

FAL ............................................................................................................14, 17, 26, 29

DEFENDANT DEL MONTE'S MEMORANDUM OF POINTS AND
AUTHORITIES ISO ITS MOTION TO DISMISS FIRST AMENDED COMPLAINT
-4-
Case No. 4:22-CV-892 JST

False Advertising Law ................................................................................................................7

FDCA .......................................................................................................................................28

<u>Non-California Consumer Protection Law</u> ...........................................................................23

UCL...............................................................................................................7, 14, 17, 26, 29

**State Statutes**

Cal. Com. Code
    § 2313(1)(b) ....................................................................................................................19

New York Gen. Bus. Law
    §§ 349-50 ...............................................................................................................14, 29

**Other Authorities**

Federal Rule of Civil Procedure 12 .........................................................................................14

Federal Rule of Civil Procedure 12(b)(1) ....................................................................7, 13, 19

Federal Rule of Civil Procedure 12(b)(6) ....................................................................7, 13, 14

Federal Rule of Civil Procedure Rule 9(b) ...................................................................7, 25, 26

Report on Unfair and Deceptive Act And Practices Statutes, 1-29
    (Nat'l Consumer L. Ctr., ed., 2009)...............................................................................14

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 30, 2022, at 2:00 p.m., or as soon thereafter as this matter may be heard in Courtroom 6, of the above-captioned Court, located at 1301 Clay Street, Oakland, CA 94612, Defendant Del Monte Foods, Inc. ("Del Monte") will, and hereby does, move this Court for an order dismissing the First Amended Complaint filed by Plaintiffs Libby Gatling-Lee and Elena Nacarino (together, "Plaintiffs") with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) for the following reasons:

1. Plaintiffs do not have standing to bring the state law claims of other states (Counts I & VII) because they do not make a prima facie showing that the other states' laws apply to them;

2. Plaintiffs lack Article III standing because they have not alleged, and cannot allege, that Del Monte caused them harm, including a failure to plausibly allege they have suffered a plausible economic injury, they were physically harmed, or there is a risk of future harm (Counts I-VII). As such, the Court lacks subject matter jurisdiction over the action;

3. Plaintiffs' claim for legal remedies and equitable relief fails as a matter of law because here, an adequate legal remedy exists (Counts I-VII);

4. Plaintiffs' claim for injunctive relief fails as a matter of law because Plaintiffs cannot allege a certainly impending injury, particularly where they are now on notice regarding the Products' disclaimers (Counts I-VII);

5. Plaintiffs lack standing to bring claims relating to Del Monte Products they did not purchase (Counts I-VII);

6. The FDA has primary jurisdiction over the action (Counts I-VII);

7. Del Monte's packaging is not materially deceptive to a reasonable consumer and is subject to dismissal under Rule 12(b)(6) as a matter of law (Counts I-VII);

8. Plaintiff Nacarino's claims under state consumer statutes, including California's Legal Remedies Act ("CLRA") (Count IV); False Advertising Law ("FAL") (Count V); and Unfair Competition Law ("UCL") (Count VI) – all which are grounded in fraud – fail because they do not meet the heightened pleading requirement of Rule 9(b); and

9.  Plaintiffs' express warranty claim fails because Plaintiffs used Del Monte's Products as intended, and received the intended result (Count VII).

Del Monte's Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Erik K. Swanholt, the Proposed Order, accompanying materials, the pleadings and records on file in this action and such additional authority and argument as may be presented at the hearing on this Motion.

DATED: April 22, 2022

**FOLEY & LARDNER LLP**
Erik K. Swanholt
Kendall E. Waters

_____
Erik K. Swanholt
Attorneys for Defendant Del
Monte Foods, Inc.

1

2 <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

3 **I.    <u>INTRODUCTION</u>**

4          This is yet another of the ever-growing genre of "deceptive" food labeling putative class actions

5 brought in California where the label in question is entirely accurate and not deceptive. In their wide-

6 ranging First Amended Putative Class Action Complaint ("FAC"), Plaintiff Libby Gatling-Lee asserts that

7 she bought one Del Monte food product in New York (College Inn Brand Chicken Broth) and Plaintiff

8 Elena Nacarino (collectively, "Plaintiffs") asserts she bought a few other broths in California (College Inn

9 Brand Chicken, Turkey, Mushroom and Garden Vegetable Broths) (collectively, the "Products") with

10 "deceptive" labels that claimed the Products contained "No MSG." Ignoring the fact the Products do not

11 contain MSG, Plaintiffs bring suit alleging the violation of nearly a dozen state false advertising laws for

12 *any* Del Monte Product (whether they purchased it or not) with a label that claims the Product has "No

13 MSG" because those Products contain "yeast extract," which the label clearly explains contains "a small

14 amount of glutamate." Plaintiffs admit that the labels disclose this fact. Plaintiffs allege that, despite being

15 concerned about MSG, they did not read enough of the labels on the Products to find the conspicuous

16 statement that the Products contain glutamate and were therefore mislead into purchasing the Products.

17 This claim strains credulity. FAC ¶ 35 (pictured).

18

19

20

21

22 

23

24

25

26

27

28

Plaintiffs do not claim that they consumed the Products or that they were physically harmed in any way. Instead, they allege that they were damaged because they paid a "premium" price for the Products but fail in any way to allege that other products on the market do not contain similar claims or, to the extent those products exist, the price of the Del Monte's Products is a "premium" price compared to such other products (or, even if a premium price for the Products exists, that there is not some other reason for a premium price, like higher quality ingredients). As a result, Plaintiffs' FAC lacks any basis to find that Plaintiffs were harmed in any way. *See* FAC ¶ 35 (pictured).



In addition to a lack of harm generally, Plaintiffs cannot credibly claim any future harm from Del Monte's Products identified in the FAC ("Products") because they clearly know now what the labels made clear all along – that the Products contain glutamate (which is *not* "MSG"). As a result, their claim for injunctive or future relief suffers the same fate as their backward looking claims.[1]

Because the labels are not misleading, Plaintiffs' consumer law and warranty claims should be dismissed (Counts I – VII). Further, because Plaintiffs have not been injured in any way, they lack standing under any state's laws to bring these claims. They also lack standing of any kind to bring claims under the laws of states where they do not reside and did not purchase any Products just as they lack standing to bring claims relating to products they never purchased. For these and the other reasons set forth below, Plaintiffs' FAC should be dismissed with prejudice.

## II.   STATEMENT OF THE ISSUES

A statement of the key issues to be decided by this Motion include:

      i.    Would Del Monte's Products' labels and accompanying disclaimers be materially

---

[1] This case is not appropriate for class treatment either and the class allegations should be stricken or greatly narrowed as set forth in Defendant's concurrently filed Motion to Strike Class Allegations (which should be read second).

deceive to a reasonable consumer?

    ii.    Do Plaintiffs have standing to allege consumer protection statutory claims for nearly a dozen states?

    iii.    Do Plaintiffs have standing to allege claims relating to *any* Del Monte product bearing a "No MSG" label?

    iv.    Do Plaintiffs have requisite actual, concrete, or imminent injury fairly traceable to Del Monte's labels and accompanying disclaimers?

    v.    Does federal law preempt state consumer statutory regulation of MSG labeling, or is the FDA better suited to regulate MSG labeling?

    vi.    Are Plaintiffs entitled to equitable relief, including an injunction, when they have legal remedies available and are now aware of Del Monte's disclaimers?

    vii.    Have Plaintiffs alleged the requisite elements for *each* state's consumer protection statutory claims?

    viii.    Have Plaintiffs alleged the requisite elements for establishing that the Products' labels and accompanying disclaimers are express warranties that could materially deceive a reasonable consumer?

## III.    PLAINTIFFS' ALLEGATIONS AND CLAIMS

Plaintiff Gatling-Lee alleges she purchased one type of Del Monte Product—College Inn Chicken Broth—in New York in 2021. FAC ¶¶ 3, 56. Plaintiff Nacarino allegedly purchased "College Inn Organic Chicken Broth at a Walmart store in San Leandro, California" in 2022. *Id.* ¶ 57. Since 2020, Nacarino allegedly purchased other Del Monte Products— including Organic Chicken Broth, Chicken Bone Broth, Chicken Stock, Turkey Broth, Mushroom Stock, and Garden Vegetable Broth— in California. *Id.* ¶ 4.

Both Plaintiffs allegedly "try to avoid eating foods that include MSG," *id.* ¶ 59, and both "read and relied on th[e] statement" on the "package [that] said 'NO MSG' prominently on the label." *Id.* ¶¶ 56-57. Despite their claimed interest in avoiding MSG and their purported review and reliance on the labels, both Plaintiffs somehow "did not notice the qualifying language on the side of the package ('a small amount of glutamate occurs naturally in yeast extract') when they purchased the product." *Id.* ¶ 58. Plaintiffs do not plausibly allege that the Products contain an additive MSG, but rather allege (without

support) that the presence of a "small amount of glutamate" from yeast extract makes the "No MSG" claim false. *Id.* ¶¶ 2, 15-17, 35, 40.

Plaintiffs do not allege that they consumed any of the Products or experienced any ill effects from consuming the Products or the yeast extract (which contains a "small amount of glutamate").[2] *See generally id.* ¶¶ 11-12, 35. Instead, they rely on the "*belie[f]* that consumption of free glutamates can lead to adverse health effect such as headaches, increased blood pressure, obesity, and psychiatric illness" as the basis for their claims. *Id.* ¶¶ 11-12 (emphasis added). Even though Plaintiffs are now clearly on notice of the Products' labels and accompanying disclaimers and know how to properly read them, *id.* ¶ 35, they include a boilerplate allegation that they "face an imminent threat of harm because they will not be able to rely on the labels in the future, and thus will not be able to purchase the products" in a failed effort to support injunctive relief claims. *Id.* ¶ 60.

Relevant to these speculative allegations, Plaintiffs purport to bring claims not just on behalf of those who purchased the Products in New York or California but also on behalf of a nationwide class, under nearly a dozen states' consumer protection statutes. And, they purport to bring claims not just for the Products they purportedly purchased, but also for *any* Del Monte Product with a "No MSG" label regardless of any other language on the packaging or the presence or absence of any other ingredients. FAC ¶ 30 (the "Other Products"). They offer no specific allegations as to those Other Products, including failing to identify them at all or allege whether they are substantially similar or whether their labels differ in any material way. For a variety of reasons, Plaintiffs cannot sustain their claims as plead, individually or as a class action, be it nationwide or in California or New York (as explained in greater detail below and in the accompanying Motion to Strike and supporting materials). *See e.g., Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012), *overruled on other grounds by Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, No. 19-56514, 2022 WL 1053459 (9th Cir. Apr. 8, 2022) (where plaintiffs proposed California consumer-protection law should apply to the claims of all putative class members nationwide because the alleged wrongdoing supposedly emanated from that state, Ninth Circuit held this

---

[2] To be clear, even if the Plaintiffs consumed Del Monte's Products, they did not consume MSG but instead a "small amount of glutamate [that] occurs naturally in yeast extract." FAC ¶ 30. MSG and glutamate are not the same thing. *See e.g.,* FAC ¶ 27 (citing https://www.fda.gov/food/food-additives-petitions/questions-and-answers-monosodium-glutamate-MSG).

1    would contravene fundamental principles of federalism by ignoring the materially different consumer

2    protection laws of the other states where the challenged transactions actually occurred).

3    **IV.    LEGAL STANDARD**

4        **A.    Motion to Dismiss for Failure to State A Claim Pursuant to Federal Rule of Civil**

5            **Procedure 12(b)(6)**

6           Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for "failure to state a

7    claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain

8    sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

9    *v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must include something more than "an unadorned, the-

10   defendant-unlawfully-harmed-me accusation" or "labels and conclusions" or "a formulaic recitation of

11   the elements of a cause of action." *Id.* at 677. A court is "not bound to accept as true a legal conclusion

12   couched as a factual allegation." *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

13          Determining whether a complaint survives a motion to dismiss for failure to state a claim is a

14   "context-specific task that requires the reviewing court to draw on its judicial experience and common

15   sense." *Ashcroft,* 556 U.S. at 679. In making this context-specific evaluation, this Court must construe the

16   complaint in the light most favorable to the plaintiffs and accept as true the well-pleaded factual allegations

17   of the complaint. *See Erickson v. Pardus,* 551 U.S. 89, 93–94 (2007). However, this presumption does not

18   apply to "a legal conclusion couched as a factual allegation." *Bell Atl. Corp.,* 550 U.S. at 555. While the

19   Court is limited to the complaint's factual allegations, it may consider documents attached to or

20   incorporated by the pleading or information judicially noticeable. *See In re NVIDIA Corp. Sec. Litig.,* 768

21   F.3d 1046, 1051 (9th Cir. 2014).

22       **B.    Motion to Dismiss For Lack of Subject Matter Jurisdiction Pursuant to Federal**

23           **Rule of Civil Procedure 12(b)(1)**

24          Federal Rule of Civil Procedure 12(b)(1) authorizes a party to seek dismissal of an action for lack

25   of subject-matter jurisdiction. "Because standing and ripeness pertain to federal courts' subject matter

26   jurisdiction, they are properly raised in a Rule 12(b)(1) motion to dismiss." *Chandler v. State Farm Mut.*

27   *Auto. Ins. Co.,* 598 F.3d 1115, 1122 (9th Cir. 2010). "[T]hose who seek to invoke the jurisdiction of the

28   federal courts *must* satisfy the threshold requirement imposed by Article III of the Constitution by alleging

an actual case or controversy." *City of Los Angeles v. Lyons,* 461 U.S. 95, 101 (1983) (emphasis added). Plaintiffs bear the burden of establishing standing elements. *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560 (1992). Before the Court can consider the merits of a legal claim, "the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue." *Whitmore v. Arkansas,* 495 U.S. 149, 154 (1990).

## V.   ARGUMENT

### A.   The FAC Fails to State a Claim Pursuant to Rule 12(b)(6)

#### 1.   The Products' Packaging Is Not Materially Deceptive to a Reasonable Consumer

Plaintiffs' state consumer protection claims[3] fail because Plaintiffs cannot allege that the Products' packaging would mislead a reasonable consumer. *See, e.g.* FAC Counts I (including state consumer protection statutes for nearly a dozen states); II & III (under New York Gen. Bus. Law §§ 349-50); IV-VI (including California's UCL, FAL, and CLRA. Courts may determine at the Rule 12 stage that a "reasonable consumer theory is not plausible as a matter of law."[4] *See Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013) ("It is well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer."); *accord Twohig v. Shop-Rite Supermarkets, Inc.*, 519 F. Supp. 3d 154, 160-61 (S.D.N.Y. 2021) (dismissing claims asserted under New York General Business Law §§ 349 and 350 on a Rule 12 motion and explaining that "it is well settled that a court may determine as a matter of law that an allegedly deceptive [practice] would not have misled a reasonable consumer" (quotation marks omitted)); *Hawyuan Yu v. Dr Pepper Snapple Grp.,*

---

[3] Plaintiffs purportedly bring Count I "for violations of state consumer protection laws that are materially-similar to the laws of California and New York." FAC ¶ 73. As explained in Section V(B), Plaintiffs do not have standing to bring consumer protection claims under Illinois, Maryland, Hawaii, Washington, D.C., Massachusetts, Missouri, Rhode Island, Vermont, or Washington law because no Plaintiff allegedly purchased Products in these states. *See Jones v. Micron Tech. Inc.,* 400 F. Supp. 3d 897, 908, 909 (N.D. Cal. 2019) ("Plaintiffs must show they have standing for each claim they raise and [they] do not have standing to bring claims under the laws of states where they have alleged no injury, residence or other pertinent connection"). Even if Plaintiffs had standing, which they do not, their claims fail as a matter of law because they do not allege that the laws of the various named states are materially similar to the law of California and New York. *See, e.g.* Carolyn L. Carter, Consumer Protection In The States: A 50 State Report on Unfair and Deceptive Act And Practices Statutes, 1-29 (Nat'l Consumer L. Ctr., ed., 2009).
[4] Because Plaintiff Gatling-Lee brings claims under New York law and Plaintiff Nacarino brings claims under California law, this motion and memorandum in support address both New York and California substantive law.

*Inc.*, No. 18-CV-06664-BLF, 2020 WL 5910071, at *13, *19-20 (N.D. Cal. Oct. 6, 2020) (plaintiffs "failed to plausibly allege that a reasonable consumer would believe that the Products labeled natural are free of any trace pesticides whatsoever").

Under the "reasonable consumer" standard, Plaintiffs must plausibly allege that the label is "materially deceptive or misleading 'to a reasonable consumer acting reasonably under the circumstances.'" *Dash v. Seagate Tech. (U.S.) Holdings, Inc.*, 27 F. Supp. 3d 357, 360 (E.D.N.Y. 2014); *see also Mazella v. Coca-Cola Co.*, 548 F. Supp. 3d 349, 356 (S.D.N.Y. 2021) (considering materially misleading element given the New York Court of Appeals' objective definition of 'misleading' in issues of consumer confusion); *Nacarino v. Chobani, LLC*, No. 20-CV-07437-EMC, 2021 WL 3487117, at *4 (N.D. Cal. Aug. 9, 2021).

Courts may "consider the viability of the alleged consumer law claims based on its review of the product packaging" in a motion to dismiss. *See Boswell v. Bimbo Bakeries USA, Inc.*, No. 20-CV-8923 (JMF), 2021 WL 5144552, at *4 (S.D.N.Y. Nov. 4, 2021) (finding that a reasonable consumer "would know exactly where to look" when evaluating a product's ingredients). This includes "the presence of a disclaimer or similar clarifying language [that] may defeat a claim of deception." *Nelson v. MillerCoors, LLC,* 246 F. Supp. 3d 666, 674 (E.D.N.Y. 2017).

As a matter of law, disclaimers "cure allegedly misleading representations on the front of packaging" unless "the alleged misrepresentation is clearly stated and the disclaimer is exceedingly vague or requires consumers to make inferences." *Id.* at 675. No "reasonable consumer" is misled where the label itself dispels the claimed deception, particularly when clarifying language accompanies the allegedly misleading claim. *Id.* (dismissing under "reasonable consumer" standard even where disclaimer was not featured on main label); *Carrea v. Dreyer's Grand Ice Cream, Inc.,* 475 F. App'x 113, 115 (9th Cir. 2012) (affirming dismissal under "reasonable consumer" standard where information "adjacent to" the challenged language discredited plaintiff's theory of deception).

Plaintiffs' conduct, as alleged, is not that of a reasonable consumer acting reasonably under the circumstances. Plaintiffs insist they wanted to avoid food containing any glutamate and did in fact notice "'NO MSG' prominently on the label, and [that they] read and relied on this statement when purchasing the product" but somehow missed the adjacent disclaimer language. FAC ¶¶ 56-57. First, the label is

accurate in that the Products do not contain the additive MSG. Instead, they contain yeast extract that includes naturally occurring glutamate; a fact that was itself prominently displayed on the very same labels Plaintiffs claim they read. Despite specifically looking for information regarding MSG, both Plaintiffs allegedly failed to notice the large asterisks included with that "prominent" "No MSG" claim and they somehow "did not notice the qualifying language on the side of the package ('a small amount of glutamate occurs naturally in yeast extract') when they purchased the product." *Id.* ¶¶ 56-58.[5] Although Plaintiffs claim to avoid MSG and would know that yeast extract is a source of free glutamates and understand the disclaimer on the package label, *id.* ¶ 40, they nonetheless also failed to review the ingredients list as a reasonable consumer would, which plainly indicates the Products contain "yeast extract." *Id.* ¶ 39. Yet a reasonable consumer "would know exactly where to look." *Boswell*, 2021 WL 5144552, at *4. Here, "the presence of a disclaimer … defeat[s] a claim of deception," particularly since the clarifying language accompanies the allegedly misleading claim. *Nelson,* 246 F. Supp. 3d at 674. This is not the conduct of a reasonable consumer acting reasonably under the circumstances. Accordingly, because the Products' labels (1) are accurate in that the Products have "No MSG" and (2) contain a disclaimer that discloses the presence of glutamate that (a) accompanies the claim and is in the location where (b) consumers "know to look," the Products' labels are not misleading as a matter of both New York and California law. Thus Plaintiffs' first six counts must be dismissed with prejudice.

Plaintiffs' reliance on the FDA webpage Q&A from nine years ago in their FAC is irrelevant to the Court's "reasonable consumer" analysis. *See* FAC ¶ 27 & nn.13, 14; *see also In re Frito-Lay N. Am., Inc. All Nat. Litig.*, No. 12-MD-2413 RRM RLM, 2013 WL 4647512, at *10 (E.D.N.Y. Aug. 29, 2013) (FDA non-binding guidance does not have the force of law); *Podpeskar v. Dannon Co., Inc.*, No. 16-CV-8478 (KBF), 2017 WL 6001845 (S.D.N.Y. Dec. 3, 2017) (noting FDA policy was "informal" and non-binding). The FDA commentary is silent as to clarifying language's effect on a "reasonable consumer," including the type that appears plainly here on the Products' labels. *See Clark v. Westbrae Nat., Inc.*, No. 20-CV-03221-JSC, 2020 WL 7043879, at *4 (N.D. Cal. Dec. 1, 2020) (rejecting plaintiffs' reliance on

---

[5] It is particularly perplexing that Plaintiff Nacarino would again rely on any product labels without careful reading given her prior experience of being allegedly misled by Chobani's yogurt labels relating to vanilla claims. *Nacarino*, 2021 WL 3487117, at *13 (finding "Nacarino's complaint fails to state a deceptive labeling claim as a matter of law.")

1   FDA regulations as having no bearing on reasonable consumer analysis).[6]

2       Anticipating the Opposition to this Motion, Plaintiffs will cite *Campen v. Frito-Lay N. Am., Inc*.,

3   No. 12-1586 SC, 2013 WL 1320468 (N.D. Cal. Apr. 1, 2013) (Judge S. Conti) for the proposition that at

4   least one court, in denying a motion to dismiss, has concluded that the FDA's "No MSG" statements on

5   its website are entitled to deference and that the "FDA has made clear that even though MSG and

6   ingredients that are sources of MSG must be labeled by their proper names, a manufacturer cannot say

7   that a product containing an ingredient that is a source of MSG, like torula yeast, therefore contains "No

8   MSG." *Id.* at *29. The court concluded that based on the FDA guidance, the plaintiffs plausibly alleged

9   that Frito-Lay's labels claiming "No MSG" are confusing to consumers and therefore those plaintiffs

10  sufficiently stated claims under the UCL, FAL and CLRA. *Id.*

11      The *Campen* case, however, is distinguishable on multiple grounds. First, the *Campen* court's

12  conclusion that torula yeast is a source of "MSG" is incorrect. The fact is that torula yeast does not *contain*

13  "MSG." Neither does the yeast extract in the Products. Monosodium glutamate (MSG) is a highly

14  concentrated, *synthetically produced* and ultra-potent form of glutamic acid. *See* Request for Judicial

15  Notice ("RJN"), Ex. A; *see e.g.,* FAC ¶ 27 (citing https://www.fda.gov/food/food-additives-

16  petitions/questions-and-answers-monosodium-glutamate-MSG) (emphasis added). Torula yeast is a

17  single-celled fungi that grows naturally in nature and which includes trace amounts of glutamate. *See* RJN,

18  Ex. B. It is not MSG, does not contain MSG and does not create MSG. It is an entirely different ingredient.

19  *See* RJN Ex. C; *see also Campen,* No. 12-1586 SC, 2013 WL 1320468, at *9 ("ingredients like torula

20  yeast and yeast extract" are "not technically [] MSG"). The same is true for the yeast extract in the

21  Products, and yeast extract is certainly not MSG. *Id.* The *Campen* court's incorrect belief that torula yeast

22  "contains MSG" lead it to incorrectly conclude it is false and misleading to label a product containing

23  torula yeast as not containing MSG.

24      Second, the labels in the *Campen* case did not have disclaimers. 2013 WL 1320468, at *3.

25  Disclaimers "cure allegedly misleading representations on the front of packaging." *Nelson*, 246 F. Supp.

26

27  ─────────────────────
    [6] It is noteworthy that the law firm representing Plaintiffs in this case has filed nearly identical lawsuits
28  against Campbell's and Nissin (Top Ramen) in federal court in New York citing as their primary bases
    the FDA's nearly 10-year old guidance on MSG labeling. *Henry v. Campbell Soup Co.*, Case No. 1:22-
    CV-431 (E.D.N.Y.); *Henry v. Nissin Foods (USA) Co., Inc.* Case No. 1:22-CV-363 (E.D.N.Y.).

3d at 674 ("the presence of a disclaimer or similar clarifying language [that] may defeat a claim of deception."). The Products, on the other hand, have a clear, conspicuous disclaimer that alerts consumers to the presence of glutamate. FAC ¶ 32. This disclaimer on the Products – that "a small amount of glutamate occurs naturally in yeast extract" – cures any arguably misleading representations with respect to the Products having "No MSG" (to the extent they are misleading at all).[7]

Rather than follow *Campen's* incorrect analysis and conclusion, the Court here should evaluate these labels separately from the FDA's nonbinding guidance. The only question for this Court is whether or not the labels are misleading under California or New York law; not whether they comply with FDA guidance. Here, because the labels are factually accurate – the Products *do not contain "MSG"* – and include a disclaimer alerting consumers to the presence of "small amounts of glutamate," this Court can conclude that the labels are accurate and not misleading as a matter of law.

## 2. Plaintiffs' Express Warranty Claims Fail Because the Products' Labels Do Not Create a Warranty

Plaintiffs' Seventh Cause of Action is purportedly for "breach of warranty" though it does not identify any basis for such a claim (such as Magnusson-Moss or Song-Beverly). Still, the claim fails because Ninth Circuit jurisprudence consistently finds that product labels "do not constitute warranties against a product defect." *Astiana v. Dreyer's Grand Ice Cream, Inc.*, No. C-11-2910 EMC, 2012 WL 2990766, at *9 (N.D. Cal. July 20, 2012) (collecting cases). A claim for breach of express warranty under New York law requires "(i) a material statement amounting to a warranty; (ii) the buyer's reliance on this warranty as a basis for the contract with his immediate seller; (iii) the breach of this warranty; and (iv) injury to the buyer caused by the breach." *Goldstein v. Sally Beauty Supply LLC,* No. 20-CV-4583-NGG-JRC, 2021 WL 5163235, at *4 (E.D.N.Y. Nov. 5, 2021) (citation omitted). Under California law, a plaintiff must prove that the seller "(1) made an affirmation of fact or promise or provided a description

---

[7] Plaintiffs are also likely to cite *Peterson v. ConAgra Foods Inc.* No. 13-cv-3158-L (NLS), 2014 WL 3741853 (S.D. Cal. July 29, 2014). There, ConAgra's Chef Boyardee product lines were targeted for their "No MSG" labels because the products included "ingredients that contain MSG or create MSG during processing." *2-3. The Court concluded that, under FDA regulations, "foods with any ingredient [sic] that naturally contain MSG cannot claim 'No MSG' or 'No added MSG' on their packaging." *11. *Peterson* is distinguishable as well because, again, unlike ConAgra's products, Del Monte's Products do not contain "MSG" and because, unlike Del Monte's Products, the ConAgra products did not have any disclaimer at all, let alone one alerting consumers to the presence of a small amount of glutamate.

of its goods; (2) the promise or description formed part of the basis of the bargain; (3) the express warranty was breached; and (4) the breach caused injury to the plaintiff." *See* Cal. Com. Code § 2313(1)(b). The express warranty's scope "necessarily depends on what a reasonable consumer would believe." *Warren v. Whole Foods Mkt. Grp., Inc.,* No. 19-CV-6448-RPK-LB, 2021 WL 5759702, at *7 (E.D.N.Y. Dec. 3, 2021) (citations omitted).

Plaintiffs allege that the "No MSG" claim "was an affirmation of fact about the products and a promise relating to the goods." FAC ¶ 135. Yet, this is precisely the type of statement that *Astiana* and others have found *do not* constitute warranties. In *Campen,* Plaintiffs alleged breach of warranty for "All Natural" and "No MSG" and other claims. 2013 WL 1320468, at *29, 40-41. The court, in dismissing Plaintiffs' warranty claims held:

> The Court finds that Plaintiffs' claim fails as a matter of law. Plaintiffs allege that Defendants' package labels are warranties that Defendants breached by selling, at premium prices, food products whose labels do not comply with federal or California labeling requirements. FAC ¶¶ 247-49. This Court has held repeatedly that such arguments are meritless, since product descriptions like "All Natural" labels "do not constitute warranties against a product defect."... Further, none of the labels promise that the product "will meet a specified level of performance over a specified period of time." The labels were, at most, product descriptions. Plaintiffs' MMWA claims are DISMISSED WITH PREJUDICE. Amendment could not save these claims and would be prejudicial to Defendants. Plaintiffs' Song-Beverly claims also fail.

*Id* at *29.

Accordingly, Plaintiffs' Seventh Cause of Action should be dismissed with prejudice. This cause of action should be dismissed for the additional reason that the labels are accurate such that even if a warranty was created, it was not breached.

## B. Plaintiffs Lack Article III Standing

The Court should dismiss the FAC for lack of subject matter jurisdiction because Plaintiffs plead no facts to establish constitutional standing for their alleged claims against Del Monte. And looking beyond the FAC, as is proper on a motion under Rule 12(b)(1), Plaintiffs cannot plead facts to establish constitutional standing.

### 1. <u>Plaintiffs Do Not Allege A Plausible Economic Injury</u>

DEFENDANT DEL MONTE'S MEMORANDUM OF POINTS AND AUTHORITIES ISO ITS MOTION TO DISMISS FIRST AMENDED COMPLAINT
-18-
Case No. 4:22-CV-892 JST

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs plead no facts establishing an economic injury that confers Article III standing. *See, e.g.,* *McGee v. S-L Snacks Nat'l*, 982 F.3d 700, 705 n.3 (9th Cir. 2020) ("Private-plaintiff actions specifically require economic injury"). Consumer protection claims require allegations of concrete injury to establish standing, and "[i]gnoring these basic legal rules would invite lawsuits by all manner of plaintiffs who could simply troll grocery stores and the Internet looking for any food product that might form the basis of a class-action lawsuit." *Wilson v. Frito-Lay N. Am., Inc.*, 961 F. Supp. 2d 1134, 1143-44 (N.D. Cal. 2013). "Surely that is not the point of these consumer protection laws." *Id*.

"[P]laintiff must do more than offer conclusory assertions of economic injury in order to establish standing" and "must allege facts that would permit a factfinder to value the purported injury at something more than zero dollars without resorting to mere conjecture." *See In re Johnson & Johnson Talcum Powder Prod. Mktg., Sales Pracs. & Liab. Litig.*, 903 F.3d 278, 285 (3d Cir. 2018). Plaintiffs allege they "would not have purchased the product at the price [they] paid if [they] had known that the Products actually do contain free glutamates[8]," but fail to identify any broth products on the market that do not contain free glutamates or charge different prices. FAC ¶¶ 54-57. Plaintiffs do not plead any viable theory of overpayment or price premium, because they do not plausibly allege they would have purchased a cheaper alternative, or that the Products' market value would have been less had the challenged representations been altered or omitted. Although the FAC alleges that the "College Inn Chicken Broth is currently priced at $2.08 on the Walmart website" and that this "price is artificially inflated by the misleading 'No MSG' claim," the FAC has not plausibly alleged overpayment. *Id.* ¶ 55. The FAC does not identify any cheaper surrogate products on the market. *Id.* ¶ 55. Nor do Plaintiffs plausibly plead benefit-of-the-bargain damages, because, indeed, the Products labels accurately reflect their ingredients.

The holding in *McGee* is instructive. 982 F.3d at 706. In that case, plaintiff brought a putative class action alleging violations of state consumer protection laws and breach of implied warranties of merchantability against Pop Secret brand popcorn. *Id.* at 703. Plaintiff alleged that the presence of partially hydrogenated oils ("PHOs") as an ingredient in Pop Secret was an unsafe food additive that causes heart disease, diabetes, cancer, and other ailments. *Id.* The Ninth Circuit affirmed dismissal of all claims based

---

[8] Which, again, is a puzzling claim because the label clearly states that the Products contain glutamate.

**DEFENDANT DEL MONTE'S MEMORANDUM OF POINTS AND AUTHORITIES ISO ITS MOTION TO DISMISS FIRST AMENDED COMPLAINT**
-19-
Case No. 4:22-CV-892 JST

on a lack of constitutional Article III standing. *Id.* The *McGee* plaintiff failed to allege an economic injury. *Id.* at 706. "Although [plaintiff] may have assumed that Pop Secret contained only safe and healthy ingredients, her assumptions were not included in the bargain, particularly given the labeling disclosure that the product contained artificial trans fat." *Id.* A plaintiff must do more than allege that she "did not receive the benefit she *thought* she was obtaining." *Id.* (emphasis in original). "The plaintiff must show that she did not receive a benefit for which she actually *bargained*." *Id.* (emphasis in original).

The same is true here. The Products contain a distinct disclaimer relating to the No MSG claim by stating "a small amount of glutamate occurs *naturally* in yeast extract." FAC ¶ 35 (emphasis added). Plaintiffs' assumptions contradict the plain labels on the Products and thus the express benefit for which they actually bargained. Indeed, Plaintiffs bought Products that advised they contained "No MSG" but did contain "a small amount of glutamate" and that is exactly what Plaintiffs received. Because Plaintiffs have not alleged economic injury, their claims must be dismissed.

### 2.    Plaintiffs Have Not Sufficiently Pled A Risk of Future Harm

Plaintiffs cannot plausibly allege they will be misled by the Products in the future and have not plead facts establishing any entitlement to injunctive relief. "A plaintiff must demonstrate constitutional standing separately for each form of relief requested." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018). For injunctive relief, a prospective remedy, "the 'threatened injury must be *certainly impending* to constitute injury in fact' and 'allegations of *possible* future injury are not sufficient.'" *Id.* (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)). Plaintiffs must demonstrate that they are likely to suffer future injury from the product. *See In re Johnson & Johnson Talcum Powder Prod. Mktg., Sales Pracs. & Liab. Litig.*, 903 F.3d at 292 (finding plaintiff lacked standing to pursue injunctive relief). "Consumers who were misled by deceptive . . . labels lack standing for injunctive relief because there is no danger that they will be misled in the future." *Ham v. Hain Celestial Grp., Inc.*, 70 F. Supp. 3d 1188, 1196 (N.D. Cal. 2014) (Orrick, J.). Plaintiffs are not threatened with any future injury sufficient for Article III standing. *See also Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016); *see Mancuso v. RFA Brands, LLC*, 454 F. Supp. 3d 197, 206 (W.D.N.Y. 2020) ("Plaintiff's claim of standing to seek injunctive relief relies solely on past harm, combined with speculative allegations—not of future harm, but of plaintiff's intent to avoid future harm by refusing to consider repurchasing defendant's product

unless or until the product and packaging are changed.").

Plaintiffs make a boilerplate claim that they "face an imminent threat of harm because they will not be able to rely on the labels in the future, and thus will not be able to purchase the products." FAC ¶ 60. But this defies credulity. Courts regularly dismiss deceptive marketing claims seeking injunctive relief in such circumstances. *See, e.g.*, *Casey v. Odwalla, Inc.*, 338 F. Supp. 3d 284, 299 (S.D.N.Y. 2018) (denying Article III standing for injunctive relief in deceptive labeling case) (collecting cases). In *Fernandez v. Atkins Nutritionals, Inc.*, plaintiff claimed Atkins's products had misleading labels regarding carbohydrate content. No. 317CV01628GPCWVG, 2018 WL 280028 (S.D. Cal. Jan. 3, 2018). Yet based on the allegations in "the complaint, Fernandez now kn[ew] how Atkins goes about calculating its net carbs claims, and she will not be misled next time she goes to Wal-Mart or Target and looks at Atkins's labels." *Id.* "Unlike in *Davidson* [*v. Kimberly-Clark Corp*., 873 F.3d 1103 (9th Cir. 2017)], where the plaintiff faced a future injury because she still could not rely on the defendant's claims about its products' 'flushability,' Fernandez admits that she now has knowledge that enables her to make an appropriate choice with respect to Atkins's products." *Id.*

Plaintiffs do not plead any threat of future economic injury because Plaintiffs cannot be deceived by the allegedly misleading labeling again (as they *allegedly* were). FAC ¶ 35. The disclaimer accurately represents the Products' ingredients and Plaintiffs cannot again claim deception by this language. Plaintiffs admittedly are now on notice that the Products contain naturally-occurring glutamate. Plaintiffs' claim for injunctive relief must be dismissed.

### 3.  <u>Plaintiffs Cannot Show Del Monte's Conduct *Caused* Any Injury</u>

A plaintiff bringing consumer protection claims must "establish causation for purposes of Article III standing." *Brazil v. Dole Food Co., Inc*., No. 12-CV-01831-LHK, 2013 WL 5312418, at *8 (N.D. Cal. Sept. 23, 2013). To establish Article III standing, a plaintiff must show: "(1) he or she has suffered an injury in fact that is concrete and particularized, and actual or imminent; (2) the injury is fairly traceable to the challenged conduct; and (3) the injury is likely to be redressed by a favorable court decision." *Salmon Spawning & Recovery All. v. Gutierrez,* 545 F.3d 1220, 1225 (9th Cir. 2008). The caused injury must be "distinct and palpable ... as opposed to merely abstract." *Schmier v. U.S. Ct. of Appeals for Ninth Cir.,* 279 F.3d 817, 821 (9th Cir. 2002).

Plaintiffs cannot allege that Del Monte's fairly traceable conduct harmed them as a matter of law. Plaintiffs allege they "would not have purchased the product at the price [they] paid if [they] had known that the Products actually do contain free glutamates" and state that "as a direct result of Defendant's false statements, Defendant was able to charge a price premium for its No MSG Products." *Id.* ¶¶ 54-57. But Plaintiffs' cursory pleading is not a plausible allegation that Del Monte caused them to pay price premiums or that comparable products with no free glutamates exist. While the FAC alleges that the "College Inn Chicken Broth is currently priced at $2.08 on the Walmart website" and that this "price is artificially inflated by the misleading 'No MSG' claim," the FAC does not identify any basis for this allegation, or any cheaper surrogate products on the market, nor can it. *Id.* ¶ 55. Plaintiffs' bare allegations cannot credibly establish that Del Monte caused the "concrete," "actual," or "imminent" injury required to confer Article III standing. *Naimi v. Starbucks Corp.*, 798 F. App'x 67, 70 (9th Cir. 2019) ("The bare recitation of the word 'premium' does not adequately allege a cognizable injury.").

### 4.   Plaintiffs Do Not Have Standing to Bring Non-New York or Non-California Consumer Protection Law Claims

State law consumer protection claims must satisfy federal standing requirements under Article III as well. *See Birdsong v. Apple, Inc.,* 590 F.3d 955, n.4 (9th Cir. 2009) (citing *Cantrell v. City of Long Beach,* 241 F.3d 674, 683 (9th Cir. 2001) (holding that a party asserting state law claims in federal court "must meet the stricter federal standing requirements of Article III."). A "consumer protection claim should be governed by the consumer protection laws of the jurisdiction in which the transaction took place." *Mazza,* 666 F.3d at 594. California specifically recognizes that "with respect to regulating or affecting conduct within its borders, the place of the wrong has the predominant interest." *See Hernandez v. Burger*, 102 Cal. App. 3d 795, 802 (Cal. Ct. App. 1980), *cited with approval by Abogados v. AT&T, Inc.*, 223 F.3d 932, 935 (9th Cir. 2000). The "place of the wrong" is "the state where the *last event necessary* to make the actor liable occurred." *See Mazza*, 666 F.3d at 593. "Courts in the Ninth Circuit have consistently held that a plaintiff in a putative class action lacks standing to assert claims under the laws of states other than those where the plaintiff resides or was injured." *Jones,* 400 F. Supp. at 908.

Plaintiffs' alleged purchases occurred in New York and California. FAC ¶¶ 3, 4, 56, 57. These purchases are the "last event necessary" to create liability, which occurred (if at all) in New York and

California. *See Mazza*, 666 F.3d at 593. Because "Plaintiffs must show they have standing for each claim they raise and [they] do not have standing to bring claims under the laws of states where they have alleged no injury, residence or other pertinent connection," *Jones*, 400 F. Supp. 3d. at 909.

Plaintiffs cannot bring class claims where named Plaintiffs Gatling-Lee and Nacarino do not have standing to bring those claims. "[E]ven named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'" *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999) (en banc) (quoting *Lewis v. Casey*, 518 U.S. 343, 357 (1996)). Standing cannot be based on alleged injuries to unnamed members of a proposed class. *Hodgers-Durgin*, 199 F.3d at 1045 (affirming that plaintiffs did not have standing and claims were properly dismissed even if unnamed class members might have standing). At least one named plaintiff must satisfy standing for each claim and form of relief sought. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC)*, 528 U.S. 167, 185 (2000); *Bates v. UPS*, 511 F.3d 974, 985 (9th Cir. 2007). If "a named plaintiff lacks standing as to the requested relief, there is no class." *Jeffrey Katz Chiropractic, Inc. v. Diamond Respiratory Care, Inc.*, No. 20-CV-04108-CRB, 2021 WL 5848075, at *8 (N.D. Cal. Dec. 9, 2021). Plaintiffs can only conceivably bring New York claims and California claims, and any other state consumer protection claims[9] must be dismissed for lack of standing.

### 5.    Plaintiffs Do Not Have Standing as to Products They Did Not Purchase

Plaintiffs purport to assert claims relating to *any* Del Monte product with a label that claims the product has "No MSG," even though Plaintiffs collectively only bought a few College Inn brand Del Monte Products with such labels. As a result, Plaintiffs lack standing to make claims based on any product labels upon which they did not rely, including any unidentified Del Monte *other* product not specifically purchased by Plaintiff Gatling-Lee or Plaintiff Nacarino. "Plaintiffs' allegations regarding reliance for products they did not purchase fail." *Kane v. Chobani, Inc.*, No. 12-CV-02425-LHK, 2013 WL 5289253, at *37-38 (N.D. Cal. Sept. 19, 2013). A "[c]ourt will not assume that each of these subtly different Products

---

[9] Plaintiffs allege Illinois, Maryland, Hawaii, New York, Washington, D.C., Massachusetts, Missouri, Rhode Island, Vermont, and Washington state consumer protection claims despite the lack of any conceivable connection between Plaintiffs and those states.

is like all the others." *Wilson*, 961 F. Supp. 2d at 1142. Plaintiffs bear the burden of establishing that Products are "substantially similar." *Kane*, 2013 WL 5289253, at *37. "To meet the plausibility standard [], Plaintiffs have to say more, especially when they are asserting standing as to Products they did not purchase —otherwise their pleadings amount to unacceptably bare legal conclusions." *Id.*

Plaintiff Gatling-Lee allegedly bought one package of College Inn Chicken Broth. FAC ¶ 56. Plaintiff Nacarino allegedly bought a select few Del Monte broth Products identified in the FAC. *Id.* ¶ 57. Yet Plaintiffs' claims seek to encompass *any* Del Monte product containing a "No MSG" label and accompanying disclaimer. There are no allegations even identifying those products let alone of any substantial similarity between Del Monte's Other Products and those specifically identified in the FAC.[10] *Id.* ¶¶ 29-30. Indeed Plaintiff cannot make such allegations, as none of the Other Product labels are described, depicted, or otherwise alleged in the FAC. Because Plaintiffs did not purchase any of the Other Products (let alone rely on any representation in their labels) or allege that the Other Products and their labels and disclaimers are substantially similar, Plaintiffs lack standing to pursue claims against the Other Products and any such claims under Counts I-VII should be dismissed or stricken for lack of standing.

## C.   Plaintiff Nacarino's Consumer Protection Claims Fail Under Rule 9(b)

Plaintiff Nacarino's California state consumer protection claims fail to adequately allege that Del Monte made an actionable "deceptive," "misleading," or "fraudulent" representation and thus fail to state claims for fraud under California consumer protection statutes. *See, e.g.,* Counts IV-VI. Rule 9(b)'s heightened pleading requirements apply to state consumer protection claims, including California's, when those claims are grounded in fraud. *See, e.g., Kearns v. Ford Motor Co*., 567 F.3d 1120, 1125 (9th Cir. 2009) (rejecting plaintiff's argument that Rule 9(b) does not apply to claims under California's consumer protection statutes grounded in fraud); *Vess v. Ciba-Geigy Corp*. USA, 317 F.3d 1097, 1103–04 (9th Cir. 2003) (rejecting California state law plaintiff's argument that he was not required to state his claim with particularity under Federal Rule 9(b) where UCL claim was "grounded in fraud").[11]

---

[10] Nor can they. Indeed, Plaintiffs' Amended Complaint excludes references made in the original Complaint to certain non-Products, like Del Monte's beef broth product, that likewise asserts in its label that it contains "No MSG" and likewise identifies "yeast extract" as an ingredient because those labels were specifically approved by the USDA which has authority over beef products. While the USDA does not regulate chicken broth, it is telling that it had no issue with the "No MSG" claim for beef broth.
[11] The FAC's allegations establish that Plaintiffs' purported claims sound in fraud. *See, e.g.*, ¶¶ 85

To satisfy the heightened pleading requirements of Rule 9(b), a plaintiff must describe the "who, what, where, when and how" of the defendant's alleged misrepresentations. *Meridian Project Sys., Inc. v. Hardin Const. Co., LLC,* 404 F. Supp. 2d 1214, 1221 (E.D. Cal. 2005) (dismissing plaintiff's UCL claim where plaintiff failed to plead the claim with requisite particularity because plaintiff did not "describe the who, what, where, when and how" of the alleged misrepresentations). "[M]ere conclusory allegations of fraud are insufficient." *Moore v. Kayport Package Exp., Inc.,* 885 F.2d 531, 540 (9th Cir. 1989). Moreover, for UCL, FAL, and CLRA claims subject to the 9(b) heightened pleading standards, a plaintiff must actually be exposed to the alleged misleading statements, must have relied on the alleged misleading statements, and must have suffered injury as a result. *See In re Tobacco II Cases,* 46 Cal. 4th 298, 303 (2009) (holding that named plaintiff must plead actual reliance to have standing under UCL). Where the complaint "alleges a unified fraudulent course of conduct, [all] claims against [the defendant] are grounded in fraud [and the] entire complaint must therefore be pleaded with particularity." *Kearns*, 567 F.3d at 1127 (affirming dismissal of complaint and "no error was committed by not separately analyzing his claims").

Plaintiff Nacarino's claims fail to satisfy these requirements. Nacarino only offers cursory allegations that "Defendant's misrepresentations were willful and knowing," but offers no specific allegations supporting those legal conclusions. *See id.* ¶¶ 84, 95, Prayer for Relief (seeking punitive damages).

Moreover, neither Plaintiff can possibly plead that she was defrauded by the labels on the Other Products they never saw or bought. *Id.* ¶ 30. FAC ¶¶ 56-57. Plaintiffs' allegations fail to satisfy the 9(b) requirement that fraud allegations "be 'specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" *Kearns,* 567 F.3d at 1125 (citing *Bly-Magee v. California,* 236 F.3d 1014, 1019 (9th Cir. 2001) and *Neubronner v. Milken,* 6 F.3d 666, 671 (9th Cir. 1993)).

The failure to identify all relevant Products is also a failure to plead the California consumer claims with requisite particularity that merits dismissal as a matter of law. The identification of allegedly

---

("Defendant's misrepresentations were willful and knowing"); 94 (same); Prayer for Relief (seeking punitive damages).

misleading products is essential to alleging the "who, what, where, when and how" of their claims. *Meridian Project Sys., Inc,* 404 F. Supp. 2d at 1221. Because Plaintiffs' claims include unidentified and unpurchased products, Plaintiffs fail to plead their claims plausibly and with requisite particularity and their consumer statutory fraud claims must be dismissed.

### D.     The FDA Has Primary Jurisdiction Over This Matter

The FDA has requisite expertise over food safety and regulation and to protect the integrity of the FDA's regulatory scheme, the FDA should retain primary jurisdiction over this matter. *Syntek Semiconductor Co. v. Microchip Tech. Inc.*, 307 F.3d 775, 781 (9th Cir. 2002). The Ninth Circuit relies on several factors in considering whether primary jurisdiction applies: "(1) the need to resolve an issue that (2) has been placed by Congress within the jurisdiction of an administrative body having regulatory authority (3) pursuant to a statute that subjects an industry or activity to a comprehensive regulatory authority that (4) requires expertise or uniformity in administration." *Id.* (holding doctrine applicable).

Here, the Ninth Circuit's *Syntek* factors align to support the FDA's primary jurisdiction over any alleged issues with the Products. The safety and regulation of food products unquestionably lies "at the heart of the task assigned the agency by Congress," as Congress has explicitly asked the FDA to regulate these areas. *Comm. of Mass. v. Blackstone Valley Elec. Co.*, 67 F.3d 981, 992 (1st Cir. 1995). Agency expertise is also required as the thinking on MSG has evolved and its presence in foods has become more accepted. The FDA's 2012 webpage Q&A on MSG labeling explains that:

- The "FDA considers the addition of MSG to foods to be '***generally recognized as safe***' (GRAS);"

- In "individuals given MSG or a placebo, scientists have not been able to consistently trigger reactions;" and

- The FDA was "***never able to confirm*** that the MSG caused the reported effects."

*See e.g.,* FAC ¶ 27 (citing https://www.fda.gov/food/food-additives-petitions questions-and-answers-monosodium-glutamate-MSG) (emphasis added).

Although this webpage is nonbinding commentary on a matter of policy that lacks the force of law, *see In re Frito-Lay North America, Inc. All Natural Litigation,* 2013 WL 4647512, at *10, it also underscores that the FDA is in a uniquely superior position to determine these issues. And yet while the

FDA is aware that "No MSG" claims on labels exist and has not exercised is exclusive authority to enforce FDA regulations relating to this conduct suggesting that, like the USDA (see FN. 10), it deems the conduct compliant. Only the FDA has the authority to enforce its regulations. *In re Epogen & Aranesp Off-Label Mktg. & Sales Pracs. Litig.*, 590 F. Supp. 2d 1282, 1287 (C.D. Cal. 2008) ("Courts have generally interpreted this provision [of the FDCA] to mean that no private right of action exists to redress alleged violations of the FDCA"); *Loreto v. Procter & Gamble*, ---F.Supp.2d--- (2010 WL 3471752, S.D. Ohio, 2010) ("There is no private right of action to enforce the FDCA. Not only is a private party precluded from bringing suit to enforce the provisions of the FDCA, they may not use other federal statutes or state unfair competition laws as a way to bring a private cause of action that is based on violations of the FDCA.").

Moreover, the FDA is best equipped to address the impact of the evolving understanding of glutamates, MSG and related ingredients on foods and consumers. Much has changed since the 2012 Q&A was posted on the FDA's website. Questions exist as to the basis of the fear previously associated with MSG generally suggesting that the FDA Q&A may be outdated or in need of refinement; it should not be the basis of a consumer class action pending in California. *See* RJN, Ex. C. Because the FDA has primary jurisdiction over compliance with MSG labeling, the Court should dismiss all claims with prejudice.

### E.  Plaintiffs Have an Adequate Remedy at Law and Therefore Cannot Recover in Equity

Because Plaintiffs affirmatively make damages claims, there is an adequate legal remedy and the federal common law bars any claim for equitable relief. *Sonner v. Premier Nutrition Corp.,* 971 F.3d 834, 844 (9th Cir. 2020). A party seeking equitable remedies in a diversity action in federal court—including disgorgement, restitution, and injunctive relief—must first show that legal remedies are unavailable or inadequate. *See IntegrityMessageBoards.com v. Facebook, Inc.,* No. 18-CV-05286-PJH, 2020 WL 6544411, at *5 (N.D. Cal. Nov. 6, 2020) (dismissing plaintiffs' claims for injunctive relief where plaintiffs had not plead that there was no adequate legal remedy).

Plaintiffs affirmatively make damages claims in the FAC, including Counts I-VII for state consumer protection claims and breach of express warranties and they request actual damages (*e.g.*, monetary damages, including but not limited to any compensatory, incidental, consequential, statutory,

1   and/or punitive damages). FAC at "Prayer for Relief." Plaintiffs also make claims for equitable relief

2   under Counts I-VI and in their "Prayer for Relief." *Sonner,* 971 F.3d at 844 (citing *O'Shea v. Littleton,*

3   414 U.S. 488, 502 (1974) (holding that a complaint seeking equitable relief failed because it did not plead

4   "the basic requisites of the issuance of equitable relief" including "the inadequacy of remedies at law").)

5   Thus, based on the allegations of the FAC, Plaintiffs cannot show a lack of an adequate remedy at law so

6   their claims for relief under the UCL, FAL, and New York General Business Law Sections 349 and 350,

7   and for equitable remedies, including restitution and disgorgement, must be dismissed.

8   **VI.     CONCLUSION**

9           For the foregoing reasons, Del Monte respectfully requests that the Court dismiss all counts in

10  Plaintiffs' First Amended Complaint with prejudice.

12  DATED: April 22, 2022                    **FOLEY & LARDNER LLP**
                                             Erik K. Swanholt
13                                           Kendall E. Waters

16                                           _____
                                             Erik K. Swanholt
17                                           Attorneys for Defendant Del
                                             Monte Foods, Inc.