UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELENA NACARINO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DEL MONTE FOODS, INC,<br><br>Defendant. | Case No. 22-cv-00892-JST<br><br>**ORDER DENYING MOTION TO RECONSIDER**<br><br>Re: ECF No. 77 |

Before the Court is Defendant Del Monte Foods, Inc.'s ("Del Monte") motion to reconsider. ECF No. 77. Del Monte asks the Court to revisit its March 28, 2023 order partially denying Del Monte's motion to dismiss, ECF No. 48, in light of intervening Ninth Circuit caselaw. The Court will deny the motion.

**I.      BACKGROUND**

Plaintiffs filed their original complaint on February 11, 2022. ECF No. 1. The crux of Plaintiffs' complaint was that the phrase "No MSG" on the front label of Defendant's broth products is false and misleading to reasonable consumers because, as the side of the package reveals, the broths contain free glutamate additives that reasonable consumers consider to be encompassed by the term "MSG." *See id.* ¶¶ 1, 2, 8–15. They brought claims under the consumer protection statutes of Arizona, Arkansas, California, Colorado, Connecticut, Delaware, the District of Columbia, Georgia, Hawaii, Idaho, Illinois, Kansas, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Virginia, Washington, West Virginia, Wisconsin, and Wyoming; violations of two provisions of

1  New York's General Business Law; and breach of express warranty. *Id.* ¶ 66–97.  Plaintiffs filed
2  an amended complaint on March 28, 2022, asserting consumer protection only under the laws of
3  California, the District of Columbia, Hawaii, Illinois, Maryland, Massachusetts, Missouri, Rhode
4  Island, Vermont, and Washington; the same provisions of New York's General Business Law;
5  California's unfair competition statute; California's false advertising law; California's Consumer
6  Legal Remedies Act; and breach of express warranty.  ECF No. 18.

7        On April 22, 2022, Defendant filed a motion to dismiss the amended complaint.  ECF No.
8  24.  On March 28, 2023, the Court granted the motion in part and denied it in part.  ECF No. 48.
9  As relevant here, concerning Plaintiffs' consumer protection claims, this Court found that
10 Plaintiffs had adequately pleaded that a reasonable consumer would be misled by the packaging
11 and that Defendant's side-label disclaimer did not cure the deception.  *Id.* at 14–19.  Specifically,
12 the Court found that "there is a question of fact as to whether a reasonable consumer would have
13 noticed the disclaimer because it appears on the side panel, in much smaller font, and in a different,
14 and less visible, color than the No MSG label."  *Id.* at 19.  On April 18, 2023, Plaintiffs filed a
15 second amended complaint, ECF No. 53, which Defendants answered on May 2, 2023, ECF No.
16 54.  On July 11, 2023, Plaintiffs filed a third amended complaint, ECF No. 63, which Defendant
17 answered on July 25, 2023, ECF No. 66.  On December 20, 2023, Plaintiffs filed a fourth amended
18 complaint, ECF No. 86, as to which no responsive pleading has yet been filed.  These later
19 complaints make substantially similar allegations to the first amended complaint that was the
20 subject of the Court's March 2023 order.  *See id.* ¶ 2 ("By prominently labeling the products 'NO
21 MSG,' Defendant led Plaintiffs and other reasonable consumers to believe that their products do
22 not contain any MSG.  But the truth is that the products contain ingredients such as yeast extract
23 that actually do contain MSG.  Accordingly, the products that Defendant prominently labels 'NO
24 MSG' actually have added MSG.").

25       Approximately two months after the Court's March 2023 order, the Ninth Circuit decided
26 *McGinity v. Procter & Gamble Co.*, 69 F.4th 1093 (9th Cir. 2023).  Defendant now argues that the
27 *McGinity* decision represents a change in controlling law warranting reconsideration and requiring
28 the dismissal of Plaintiffs' surviving allegations.  ECF No. 77.

## II. LEGAL STANDARD

The Court has discretion to reconsider its interlocutory orders at any point before it enters a final judgment. Fed. R. Civ. P. 54(b); *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996). Reconsideration is generally appropriate only if "the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted). Under the Local Rules of this District, a party moving for reconsideration must show reasonable diligence and base its motion on one of three enumerated grounds. *See* Civil L.R. 7-9(b)(1)–(3). One such ground is when a "material difference in fact or law exists from that which was presented to the Court before entry of the . . . order for which reconsideration is sought." Civ. L.R. 7-9(b)(1).

"[A] motion for reconsideration is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Circle Click Media LLC v. Regus Mgmt. Grp. LLC*, 2015 WL 8477293, at *2 (N.D. Cal. Dec. 10, 2015) (quoting *Kona Enters.*, 229 F.3d at 890). "Thus, 'a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id.* (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

To constitute a change in controlling law, an opinion must do more than apply or clarify existing authority. *See Dr. Seuss Enterprises, L.P. v. ComicMix LLC*, 553 F. Supp. 3d 803, 810–11 (S.D. Cal. 2021); *see also Teamsters Loc. 617 Pension & Welfare Funds v. Apollo Grp., Inc.*, 282 F.R.D. 216, 221–24 (D. Ariz. 2012) (examining the standard for an intervening change in law to warrant relief under Rule 59(e)); *United States ex rel. Godecke v. Kinetic Concepts, Inc.*, 2016 WL 11673222, at *7 (C.D. Cal. Nov. 16, 2016) (discussing, in the context of the law-of-the-case doctrine, Ninth Circuit cases holding that an "intervening opinion [that] merely clarifies the law in an area" does not amount to a change in law). On the other hand, an intervening precedential decision that contradicts the result of a past order supports reconsideration. *See, e.g.*, *McArdle v. AT&T Mobility LLC*, 2017 WL 4354998, at *3 (N.D. Cal. Oct. 2, 2017), *aff'd*, 772 F. App'x 575

1  (9th Cir. 2019) (granting a motion to reconsider due to an intervening case that required a different
2  result).

## III.  JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1332(d)(2).

## IV.  DISCUSSION

In *McGinity*, the plaintiff argued that shampoo and conditioner bottles featuring the words "Nature Fusion" with a depiction of an avocado would mislead a reasonable consumer to think that the products contained only natural ingredients. *McGinity*, 69 F.4th at 1096.  In response, the defendant argued that the labeling would not mislead a reasonable consumer, in part because a consumer would consult the products' back labels and see that the products contained avocado oil among other natural and synthetic ingredients.  *Id.* at 1097–99.  Plaintiff replied that "circuit precedent preclude[d] [Defendant] from relying on the back ingredient list to derive the meaning of 'Nature Fusion.'"  *Id.* at 1098.

The Ninth Circuit disagreed.  The court cited *Moore v. Trader Joe's Co.*, in which it held that the label "100% New Zealand Manuka Honey" was not likely to deceive a reasonable consumer into believing that the product contained only honey from the Manuka flower.  4 F.4th 874, 876–77 (9th Cir. 2021).  The *Trader Joe's* court reasoned that because there was "some ambiguity" as to what "100%" meant in the phrase "100% New Zealand Manuka Honey, "reasonable consumers would necessarily require more information before they could reasonably conclude *Trader Joe's* label promised a honey that was 100% derived from a single, floral source."  *McGinity*, 69 F.4th at 1097 (quoting *Trader Joe's*, 4 F.4th at 882).  That "additional information could be something on the rest of the packaging (e.g., the ingredient list), the relative price of the product, or in the context of honey, general knowledge about how honey is made."  *Id.* (citing *Trader Joe's*, 4 F.4th at 882–85).  The Ninth Circuit "agreed with the district court's conclusion that other available information about Trader Joe's Manuka Honey would dissuade a reasonable consumer from thinking that the product was derived only from Manuka flower nectar."  *Id.* (citing *Trader Joe's*, 4 F.4th at 882–83).  The *McGinity* court also applied the rule set forth in *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007 (9th Cir. 2020), that "[w]hether a back

4

1    label ingredients list 'can ameliorate any tendency of [a] label to mislead' depends on whether the
2    'back label ingredients list . . . conflict[s] with' or 'confirm[s]' a front label claim." *McGinity*, 69
3    F.4th at 1098 (first alteration added; subsequent alterations in original) (quoting *Moore*, 966 F.3d
4    at 1017).

> In other words, if a defendant *does* commit an act of deception on the front of a product, then "the presence of fine print revealing the truth is insufficient to dispel that deception." *See Ebner* [*v. Fresh, Inc.*, 838 F.3d 958, 966 (9th Cir. 2016)]. However, the front label must be unambiguously deceptive for a defendant to be precluded from insisting that the back label be considered together with the front label. *See id.* (considering the rest of the product's packaging when there was "no deceptive act to be dispelled" on the front).

10   *Id.* (emphasis in original). Applying *Trader Joe's*, along with *Mars Petcare* and *Ebner*, the
11   *McGinity* court agreed that clarifying information on the back label could cure the hair products'
12   ambiguous front label. *Id.* at 1098. *McGinity* thus confirms that defendants may invoke back-
13   label representations that corroborate, rather than contradict, an ambiguous front-label claim. *Id.*
14   at 1099 ("We hold that when, as here, a front label is ambiguous, the ambiguity can be resolved by
15   reference to the back label.").

16   The *McGinity* court was careful to distinguish "ambiguous" claims from claims that are
17   actually "misleading," specifying that claims in the second category cannot be cured by reference
18   to a product's back label. *Id.* at 1098. The court discussed *Williams v. Gerber* to illustrate this
19   difference. *Id.* (citing *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 939 (9th Cir. 2008)). In
20   *Williams*, the front label of a fruit snack package depicted various fruits and described the product
21   as "fruit juice snacks" made "with real fruit juice and other all natural ingredients." *McGinity*, 69
22   F.4th at 1098 (citation and internal quotation marks omitted). The ingredient list on the back
23   label, however, was inconsistent with those claims. *Id.* (citation omitted). As a result, the front-
24   label claims were not ambiguous; the contradiction between the front label and the ingredient list
25   meant that the package was deceptive; and corrective disclosures on the back label could not cure
26   it. *Id.* In *McGinity*, in contrast, the claim "Nature Fusion" "[did] not make any affirmative
27   promise about what proportion of the ingredients are natural." *Id.*
28   *McGinity* did not announce a new legal standard. *See Anderberg v. Hain Celestial Grp.*,

5

*Inc.*, 2023 WL 7311200, at *4 (S.D. Cal. Nov. 6, 2023) ("The Ninth Circuit's decision in *McGinity* is not new law. In fact, the Ninth Circuit's decision in *McGinity* reiterates its decision in *Moore v. Trader Joe's Co.* . . . decided two years earlier."). *McGinity* clarifies that under *Trader Joe's*, *Mars Petcare*, and *Ebner*, a defendant's reliance on a back label is appropriate when a front-label claim is ambiguous, leaving *Williams* to govern when the front label is deceptive rather than ambiguous. *McGinity*, 69 F.4th at 1098. Defendant argues that *McGinity* created a novel rule that "when an ambiguity exists, the Court 'must consider what additional information other than the front label was available to consumers.'" ECF No. 77 at 13 (quoting *McGinity*, 69 F.4th at 1098)). But that was precisely the rule articulated in *Trader Joe's* well before *McGinity* was decided. Thus, because Defendant has not identified "a material difference in fact or law . . . from that which was presented to the Court before entry of" its March 2023 order, Defendant's motion for reconsideration is denied.

Defendant's motion for judgment on the pleadings is also denied. Defendant argues that "[t]he labels [on its broth products] are clear and accurate and surely not ambiguous at all; but even if they are ambiguous, under controlling Ninth Circuit law, when a front label is ambiguous, the ambiguity must be resolved by reference to information available to the consumer such as the side product label." ECF No. 77 at 8–9. The Court has already done that, however, in its March 2023 order. It examined the front label in conjunction with the side product label and concluded that, "Although the front 'No MSG' label contains an asterisk, . . . there is a question of fact as to whether a reasonable consumer would have noticed the disclaimer because it appears on the side panel, in much smaller font, and in a different, and less visible, color than the No MSG label." That question of fact remains, and nothing in Defendant's motion causes the Court to reach a different conclusion now.

/ / /

/ / /

/ / /

/ / /

/ / /

# CONCLUSION

For the foregoing reasons, Defendant's motion for reconsideration or, in the alternative, judgment on the pleadings is denied.

**IT IS SO ORDERED.**

Dated: February 28, 2024



JON S. TIGAR
United States District Judge